## STEVENS *vs.* LYFORD.

MONEY paid upon an executory contract cannot be recovered back, under a count for money had and received, so long as the contract is open and not rescinded. But if the contract is broken, such payment may form a part of the damages sustained, and be recovered as such.

Upon a breach of a contract for the delivery of lumber, the party is entitled to recover the difference between the value of the lumber, at the place where it was to be delivered, and the sum to be paid: and in order to ascertain such value, the market value of such lumber at markets to which lumber is usually sent from the place of delivery, may be given in evidence, with evidence of the expense of transportation, as one of the means of ascertaining the true value.

Such damages as may be presumed necessarily to result from the breach of a contract need not be stated in the declaration; but where a party seeks to recover special damages, by reason of the non-performance, they should be set forth circumstantially, in order that the other party may be apprised of the nature of the claim.

Upon the breach of a contract for the delivery of merchandize, the plaintiff is not entitled to recover damages for his trouble and expense in procuring the contract to be made.

ASSUMPSIT. The declaration stated, that the defendant, on the 13th June, A. D. 1832, by his memorandum in writ-

ing, in consideration of the promises of the plaintiff therein after expressed, promised the plaintiff to deliver to him, by the first day of September then next, on the landing at Franklin, twenty thousand feet white oak three inch plank, of as good quality, &c., for which the plaintiff promised to pay seventy dollars per thousand, &c.; and although the time for the delivery of said plank had elapsed, and the plaintiff had been always ready and willing to receive said plank according to said agreement, and pay for the same on the delivery thereof, yet the defendant had not delivered the same, &c., whereby the plaintiff had lost and been deprived of divers great gains and profits, &c.

There was also a count for money had and received.

Upon the trial, the plaintiff gave in evidence the written contract set forth in the declaration, and offered testimony to prove the market value of such lumber as was described in said contract, at Boston, Charlestown, and Medford, in Massachusetts, on the first of September, 1832, and subsequently during that autumn, and the expense of rafting such lumber from the landing at Franklin to Charlestown and Boston. This evidence was objected to by the defendant, but the court overruled the objection.

It was proved that a great portion of all the white oak lumber floated down the Merrimack river, was collected and rafted at Franklin, and at Boscawen, ten miles below Franklin, and that a considerable part of it was bought and sold at those places—that seventy dollars per thousand was the highest price ever known to have been given for three inch white oak plank at either of those places, and that a portion of the plank designed by the defendant to go in part fulfilment of his said contract, and surveyed as merchantable plank, were sold at Franklin at that price.

The plaintiff offered evidence of the payment of $200, to the defendant, June 13, 1832, and $200, August 31, 1832, in part payment for said plank, to be delivered as aforesaid. To the admission of this evidence the defendant objected,

because there was no count in the plaintiff's declaration upon which these sums could be recovered. But the court ruled, and instructed the jury, that they could be recovered upon the count for money had and received, and that the evidence was applicable to that count alone.

It appeared that the plaintiff had been engaged in the business of purchasing and rafting lumber and ship-timber to Boston and Charlestown, and that the plank were designed for ship-building ; and the court further instructed the jury, that the plaintiff was entitled to damages for his trouble in making journies to obtain said contract, and receive said lumber, and for advancing money upon said contract ;—and also that if they believed lumber of the description mentioned in the contract could not be obtained at Franklin, by the plaintiff, to be taken to the market, at the time when said lumber was, by said contract, to have been delivered, they might consider what was the then price of such lumber at Charlestown, and Boston, and the expense of rafting the same from Franklin, and in that way ascertain the value of such lumber to the plaintiff at Franklin, and the damage which the plaintiff had sustained by the non-fulfilment of the contract.

The jury returned a general verdict for the plaintiff, and the defendant moved for a new trial.

*Walker*, for the defendant, argued that the amount paid by the plaintiff to the defendant could not be recovered back under the count for money had and received, 4 *Bos. & Pul.* 351, *Cooke* vs. *Munston.*—That the evidence respecting the value of plank at Charlestown, Boston, and Medford, was inadmissible. Plank were sold at Franklin, the place of delivery, after that time, and the market price at that place determines the measure of damages.—That the defendant was not bound to make good the profits which the plaintiff might have obtained, 2 *Caines Cas.* 251, *Cortelyou* vs. *Lansing.*—That if the plaintiff had a right to recover for

such profits, the loss of them should have been specially set out in the declaration, which was not done here, 1 *Chitty's Pl.* 331 ; 4 *Esp. Rep.* 222.—That the money paid could not be recovered as damages, for the same reason.—And that the ruling of the court, by which the jury were authorized to give the plaintiff damages for his trouble in making journies to obtain the contract, and receive the lumber, and in advancing money, was erroneous. None of these were stated in the declaration.

*Farley*, for the plaintiff, admitted the general principle that an action for money had and received would not lie to recover back money paid upon a contract until it was rescinded, but contended that this case was not within the principle. That principle applies where the money is paid in pursuance of the original contract. But by the original contract, in this case, the defendant could have claimed nothing until a delivery of the lumber. Such must be the construction of it. After the contract, by a subsequent agreement it would seem, the plaintiff paid money to the defendant, to be applied to the payment of the plank when delivered, and that money may now be recovered back on the count for money had and received.

The general principle respecting the damages may be as contended by the defendant, but the case does not find that there was any market price for plank at Franklin. There were none sold there about the time, except what the defendant sold to make a market price. The only way to assess the damages was to resort to the evidence offered, and in that way to ascertain the value of the plank at Franklin.

As to the objection respecting journies, no exception was taken at the time of the introduction of the evidence.

PARKER, J. The defendant claims a new trial, because the court permitted the plaintiff to give in evidence the receipt, by the defendant, of $400 from the plaintiff, towards

the lumber which the defendant contracted to deliver; and insists that the money thus paid cannot be recovered back under the money count, because the contract was not rescinded.

The general rule undoubtedly is, that an action for money had an received will not lie to recover back money which has been paid upon a special contract, so long as the contract remains in force unrescinded. 1 *D. & E.* 133, *Towers* vs. *Barrett;* 1 *Doug.* 23, *Weston* vs. *Downes;* 4 *B. & P.* 351, *Cooke* vs. *Munston;* *Cowp.* 818, *Power* vs. *Wells;* 7 *Bing.* 266, *James* vs. *Cotton.*

The plaintiff's counsel has attempted to distinguish this case, alleging that the rule applies only to money paid in pursuance of the terms of the contract, and not to money voluntarily advanced in part payment of money to become due upon the contract.

It is unnecessary to enquire, at this time, whether there is such an exception to the general rule, because we are of opinion that the amount of the money, thus paid, may be recovered as part of the damages sustained by the plaintiff by reason of the non-performance of the contract, under the count founded on the contract itself. It is of course immaterial to the defendant upon which count the plaintiff recovers; and although the ruling was erroneous in applying the evidence to the count for money had and received, the result was right. This exception, therefore, can furnish no reason for setting aside the verdict.

The defendant farther objects, that the plaintiff was permitted to give evidence of the market value of such lumber as was described in the contract, at Boston, Charlestown, and Medford, on the first of September, 1832, the date when the plank were to have been delivered by the defendant, and subsequently during the autumn of that year; and the expense of rafting such lumber down the river, from the landing at Franklin, to Charlestown and Boston.

The defendant's counsel contends, that the damages were

to be ascertained by the market value at Franklin—that he was not bound to make good the profits which the plaintiff might have obtained—and farther, that if the amount of such profits are recoverable, the loss of them must be set out as a special damage—and that there is no allegation in the declaration which entitles the plaintiff to go into this evidence.

The direction of the court to the jury was, that if they believed lumber of this description could not be obtained at Franklin, by the plaintiff, to be taken to the market, at the time when the lumber was by the contract to have been delivered, they might consider what was the price of such lumber at Charlestown, and the expense of rafting the same from Franklin, and in that way ascertain the value of such lumber at Franklin, to the plaintiff, and the damage which the plaintiff had sustained by the non-fulfilment of the contract.

The rule on this subject is laid down, 1 *Chitty's Pl.* 332. Such damages as may be presumed necessarily to result from the breach of contract need not be stated in the declaration ; but in other cases it is necessary to state the damages arising from the breach of contract specially and circumstantially, in order to apprise the defendant of the facts intended to be proved, or the plaintiff will not be permitted to give evidence of such damage on the trial.

The first answer to the defendant's objection is, that the evidence was admitted to show the value of the lumber at Franklin, and the jury were directed that they might, from this evidence, find what the value of the lumber was at Franklin, the place of delivery.

The evidence was assuredly competent for this purpose. The plaintiff is entitled to recover according to the value of the lumber to him, at the place of delivery. He is entitled to be remunerated for the loss sustained by the non-fulfilment of the contract. For the purpose of showing this loss he is not confined to any particular species of evidence to

prove the value of the lumber at the place of delivery.　He may show it by showing a market price at the place of delivery, if there have been sales enough to establish a market price ; or he may show its value at the market where such lumber was usually sent, and the costs of transportation from the place of delivery, and this will be a guide to measure its value at the place of delivery.　The difference between the value of the lumber at the place of delivery, and the price to be paid, is a damage which may be presumed necessarily to result from a breach of the contract.

Another answer is, that if this evidence had been admitted to show the profits which the plaintiff might have obtained, it was not evidence to show any special profits which he might have made by reason of any particular contract, but only the profits which would have accrued by the general course of trade, and thus to show the value of the lumber at the place of delivery.

There is an allegation in the plaintiff's declaration, that by the non-fulfilment of the defendant's contract, he has lost and been deprived of divers great gains and profits, which might and otherwise would have accrued to him by the delivery of the plank ; and this is according to a precedent, 2 *Chitty's Pl.* 100.　There is, therefore, notice to the defendant, that the plaintiff alleged a general loss of profits as a part of his damages, and the proof of such loss is usually included in the evidence of the value of the article. Without doubt the proof of a loss, under this allegation, should be only of such loss as would arise from the ordinary course of business and trade ; and to this extent we see no objection to its admission.　2 *East's Rep.* 211, *Shepherd* vs. *Johnson.*

Had the plaintiff desired to offer evidence that he had made arrangements for a particular disposition of the lumber, by reason of which he had sustained a particular loss and damage, that must have been specifically alleged.　Such a loss could not be presumed necessarily to result from the

breach, and not being stated in the declaration the defendant could not be required to stand prepared to rebut proof of this character.

It was objected, that the money paid could not be recovered as damages, because that is not stated in the declaration ; but the same reason applies to the recovery of this, as part of the damages, as has been before suggested. Having been paid towards the purchase, upon the contract, its loss to the plaintiff necessarily resulted from the breach of the contract by the defendant—and there was no occasion to notify the defendant of this in the declaration.

It is objected, also, that the court instructed the jury, that the plaintiff was entitled to damages for his trouble in making journies to obtain the contract, and receive the lumber, and for advancing money upon the contract. By another part of the direction the jury were authorized to find the value of the lumber to the plaintiff, from the evidence shewing its value at the ordinary place of sale, and deducting the transportation. This would give all the damages to which the plaintiff was entitled. This was all he would have received, in the ordinary course of business, had the defendant performed his contract. The amount of money he had paid upon the contract, and the difference between the price to be paid and the value of the lumber to him, was all the loss he had sustained. He was not, therefore, entitled to recover any thing for the journies he had made, or the trouble of advancing money. Had the lumber been delivered, he must have taken his remuneration for these things in the value of the article itself. And if he recover to this extent he is entitled to no more. But under this direction the jury may have given damages for his trouble in making the contract, in addition to the loss the plaintiff sustained —and for this reason there must be a

*New trial,*